UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CONNIE MOORE, | ) | CASE NO. 5:12CV1892 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| CREDIT SMART, LLC, | ) | **ORDER** |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is plaintiff's motion for default judgment. (Doc. No. 10.)

Plaintiff filed a one-count complaint against defendant Credit Smart, LLC, a collection agency, alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). (Doc. No. 1.) On or about July 27, 2012, via certified mail sent by the Clerk, a copy of the complaint was served on defendant through its registered agent. (Doc. No. 4.) Defendant failed to move or otherwise plead and there is no evidence of any mistake or excusable neglect to explain defendant's failure. On November 26, 2012, default was noted by the Clerk (Doc. No. 6) upon plaintiff's application. (Doc. No. 5.)

After default has been entered under Fed. R. Civ. P. 55(a), the party seeking relief may apply for a default judgment under Rule 55(b). Plaintiff has done so. (Doc. No. 10.) A default upon well-pleaded allegations establishes defendant's liability, but plaintiff bears the burden of establishing damages. *Flynn v. People's Choice Home Loan, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)).

Having examined the plaintiff's well-pleaded complaint, the Court determines that liability has been established.

The Court must determine the amount of damages, *HICA Educ. Loan Corp. v. Jones*, No. 4:12cv962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012), and may do so either by conducting an evidentiary hearing or by accepting affidavits or other documentary evidence. Rule 55(b). No evidentiary hearing is required if the amount of damages can be computed from the record before the Court.

Under the FDCPA, plaintiff may seek actual damages sustained or statutory damages in the amount of $1,000, along with costs of the action and a reasonable attorney's fee. 15 U.S.C. § 1692k(a). With respect to the attorney's fee, the court should award a fee that is adequate to attract competent counsel, without producing windfalls to attorneys. *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)).

Plaintiff requests a default judgment in the amount of $2,645.00 as follows: $1,000.00 in statutory damages under 15 U.S.C. § 1692k(a)(2)(A); $1,295.00 in attorneys' fees and office costs; and $350.00 in filing fees and court costs.

After examining the documentary evidence submit by plaintiff with her motion for default judgment, the Court concludes that plaintiff, Connie Moore, is entitled to judgment in the amount of $2,645.00, and the same shall be separately entered against the defendant, Credit Smart LLC.

**IT IS SO ORDERED**.

Dated: February 14, 2013

                                                        **HONORABLE SARA LIOI**
                                                        **UNITED STATES DISTRICT JUDGE**